FILED

2013 Mar-20  AM 11:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| ELVIN EARL DARBY, | ] | |
| | ] | |
| Petitioner, | ] | |
| | ] | |
| vs. | ] | 7:10-cv-0613-RBP-RRA |
| | ] | |
| WARDEN KENNETH JONES and | ] | |
| THE ATTORNEY GENERAL FOR | ] | |
| THE STATE OF ALABAMA, | ] | |
| | ] | |
| Respondents. | ] | |

## MEMORANDUM OPINION

This is a habeas corpus petition. The magistrate judge entered a report and recommendation, recommending that the action be dismissed because Darby's only claim[1] does not state a claim of constitutional magnitude because it relates only to alleged errors of the trial court during his first Rule 32 proceedings.  Objections have been filed.

In his objections, Darby alleges that "this is not what Darby is claiming."  He then sets out five pages of "grounds" he claims to be raising in his petition.  To the extent Darby's

---

[1] In his amended petition, the petitioner raised a single claim:

> Circuit Court of Tuscaloosa County misinterpreted the evidence and issued a ruling based on the misinterpreted evidence and failed to make a specific finding of facts on all issues before the court.  By misinterpreting the evidence presented at the evidentiary hearing concerning newly discovered evidence and failing to address the ineffective assistance of counsel and other claims the court corrupted the petitioner's ability to exhaust state remedies.

The claim, as set out in the report and recommendation, was quoted verbatim from the amended petition.  Court Document 24 at page 5 of 8.

newly stated grounds concern further deficiencies in the first Rule 32 proceedings, he is still not entitled to habeas relief on such claims as discussed in the report and recommendation. *See Quince v. Crosby*, 360 F.3d 1259, 1261-1262 (11th Cir. 2004).

The remainder of the new grounds raised in the objections are barred by procedural default. To the extent Darby might have raised these claims in his Rule 32 petition, the claims are procedurally barred because he failed to present the claims to the Alabama Supreme Court for review as required by *O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732-33 (1999). "Section 2254(c) provides that a habeas petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.'" *Boerckel,* 119 S. Ct. at 1732. To exhaust state court remedies, federal habeas corpus petitioners need only provide the "state courts a fair opportunity to act on their claims." *Id.* The *Boerckel* Court held that in order to satisfy the exhaustion requirement for bringing a habeas corpus petition, the petitioner was required to present his claims to the state supreme court for discretionary review when that review is part of the ordinary review procedure in the state. *Id*. at 1733.

The Eleventh Circuit Court of Appeals has indicated that "there is no doubt that Alabama's discretionary review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule." *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001).

> The Alabama Supreme Court's certiorari review rule gives that court broad discretion over the issues it will review. Among other grounds, certiorari review can be granted to decide issues of first impression; to decide whether an Alabama Supreme Court decision relied upon by the Court of Criminal Appeals ought to be overruled; and to determine whether the Court of Criminal Appeals' decision conflicted with prior decisions of the United States Supreme

Court, the Alabama Supreme Court, or the Court of Criminal Appeals itself. [FN5]

> FN5.  Alabama Rule of Appellate Procedure 39(c), as in effect at the time of Smith's direct appeal, provided that:
> In all other cases [except death penalty cases], civil or criminal, petitions for writs of certiorari will be considered only:
> . . . .
> (3) From decisions when a material question requiring decision is one of first impression in Alabama;
> (4) From decisions in conflict with prior decisions of the United States Supreme Court, the Alabama Supreme Court, or the Alabama courts of appeals; . . . and,
> (5) Where petitioner seeks to have controlling [Alabama] supreme court cases overruled which were followed in the decision of the court of appeals.
> Ala.R.App.P.39(c)(1990)(amended 2000). The rule has not been changed in any respect relevant to the Boerckel rule since Smith's direct appeal.

Any federal law question would fit within one or more of those grounds for certiorari review, and that is particularly true in light of the limitation on federal habeas review now contained in 28 U.S.C. § 2254(d).  Because the scope of the Alabama Supreme Court's discretionary review on direct appeal is broader than that of the Illinois Supreme Court, which was the court whose review procedures were involved in the *Boerckel* case itself, see 526 U.S. at 845-48, 119 S. Ct. at 1732-34, Alabama convictions and prisoners clearly come within the scope of the *Boerckel* rule.

*Id*. at 1140-41.  Additionally, the Eleventh Circuit Court of Appeals has held that the *Boerckel* rule applies to a petitioner's state collateral review process.  *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Although Darby appealed the denial of his Rule 32 petition to the Alabama Court of Criminal Appeals, then filed an application for rehearing after the denial of his petition was affirmed, his "Motion for Leave to File Petition for Writ of Certoria" was not properly filed with the Alabama Supreme Court, in that it failed to state any claims.  Thus, to the extent any

of the claims Darby raises in his objections were raised in the Rule 32 proceedings, they are now procedurally barred from review in this court because he failed to present the claims to the Alabama Supreme Court for review as required by *Boerckel*.

Further, when a habeas claim has never been presented to a state court and there no longer exists any remedial vehicle by which the state courts may consider the claim, the United States Supreme Court has held that it is procedurally defaulted. *Teague v. Lane*, 489 U.S. 288 (1989). Thus, to the extent any of the claims Darby now raises in his objections were not raised in his Rule 32 proceedings, those claims are likewise barred by procedural default.

If a petitioner has procedurally defaulted on a constitutional claim, he is barred from litigating that claim in a federal habeas corpus proceeding unless he can show adequate "cause" for and "actual prejudice" from the default. *Engle v. Isaac,* 456 U.S. 107 (1982); *Wainwright v. Sykes,* 433 U.S. 71 (1977). The "cause and prejudice" test of *Engle v. Isaac* and *Wainwright v. Syke*s is in the conjunctive. Therefore, the petitioner must prove both cause and prejudice to excuse a procedural default.

The United States Supreme Court summarized the "cause and prejudice" standard:

> In *Wainwright v. Sykes*, 433 U.S. 72 (1977), this Court adopted the "cause and prejudice" requirement of *Francis v. Henderson*, [425 U.S. 536 (1976)], for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court. The *Sykes* Court did not elaborate upon this requirement, but rather left open "for resolution in future decisions the precise definition of the 'cause'-and-'prejudice' standard." 433 U.S. at 87, 53 L. Ed. 2d 594, 97 S. Ct. 2497. Although more recent decisions likewise have not attempted to establish conclusively the contours of the standard, they offer some helpful guidance on the question of cause. In *Reed v. Ross*, 468 U.S. 1, 82 L. Ed. 2d 1, 104 S. Ct. 2901 (1984), the Court explained that although a "tactical" or "intentional" decision to forgo a procedural opportunity normally

cannot constitute cause, *id.,* at 13-14, 82 L. Ed. 2d 1, 104 S. Ct. 2901, "the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met." *Id.,* at 14, 82 L. Ed. 2d 1, 104 S. Ct. 2901. The Court later elaborated upon *Ross* and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). We explained that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . would constitute cause under this standard." *Ibid.*

*Amadeo v. Zant*, 486 U.S. 214, 221-22 (1988).

The petitioner must also demonstrate that he was prejudiced; he must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions." (emphasis in original). *United States v. Frady*, 456 U.S. 152, 170 (1982). A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause, if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537-38 (1986) (*quoting, respectively, Engle*, 456 U.S. at 135, and *Murray,* 477 U.S. at 496).

Darby has offered nothing to excuse the procedural default of his claims. Thus, the claims raised by the petitioner in his objections are due to be dismissed because they are barred by procedural default.

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  This habeas petition is due to be dismissed.  An appropriate order will be entered.

Done this 20th day of March, 2013.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**